UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:07-CR-126 |
| | ) | |
| JOE DENNIS SMITH, JR., | ) | (PHILLIPS/SHIRLEY) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case came before the Court on March 26, 2009, for a hearing on the defense counsel's Motion to Withdraw [Doc. 189], which was referred [Doc. 196] to the undersigned on March 19, 2009.  See 28 U.S.C. § 636(b).  Assistant United States Attorney Kelly Ann Norris represented the government.  The defendant's retained counsel, Attorney Tommy K. Hindman, appeared on behalf of the defendant, who was also present.

In the motion, Mr. Hindman asks to withdraw from representation of the defendant due to problems communicating, meeting, and cooperating with the defendant. At the hearing, Mr. Hindman stated that the defendant had retained him to defend a Monroe County drug action.  After the defendant was indicted in the present case on federal charges related to those state charges, he continued to represent the defendant even though the defendant could not afford to pay him for his representation in the federal case.  Mr. Hindman stated that his relationship with the defendant had deteriorated over the past couple of months.  He believed that the defendant no longer trusted him, that this breach of trust could not be repaired, and that it would be in everyone's best interest if the

defendant received a new attorney. The defendant agreed that his relationship with his attorney had deteriorated, that he no longer trusted his attorney, and that he had lost confidence in Mr. Hindman. He asked the Court to appoint him a new attorney.

Based upon the defendant's and Mr. Hindman's comments at the hearing, the Court finds that the trust necessary for an adequate defense no longer exists in the attorney-client relationship, that communications between the defendant and counsel have broken down, and that the situation is unlikely to improve. Accordingly, the Court finds that good cause exists to grant the Motion to Withdraw [**Doc. 189**], the same is **GRANTED**, and Mr. Hindman is relieved as counsel for the defendant. See Wilson v. Mintzes, 761 F.2d 275, 280 (6th Cir. 1985) (holding that a defendant seeking to substitute counsel must show good cause).

The defendant submitted a Financial Affidavit, which the Court reviewed and accepted. Based upon the Financial Affidavit, the Court finds that the defendant qualifies for appointed counsel. Attorney Ruth Thompson Ellis was present in the courtroom and agreed to accept representation of the defendant. The Court **SUBSTITUTES and APPOINTS** Ms. Ellis under the Civil Justice Act (CJA) as counsel of record for the defendant. Mr. Hindman is directed to turn over the defendant's file and any discovery to Ms. Ellis as expeditiously as possible.

Accordingly, it is ordered:

(1) Defense counsel's Motion to Withdraw [**Doc. 189**] is **GRANTED**, and

(2) Attorney Ruth Thompson Ellis is **SUBSTITUTED and APPOINTED** under the Civil Justice Act (CJA) as counsel of record for the defendant.

**IT IS SO ORDERED.**

        ENTER:


         s/ C. Clifford Shirley, Jr.
        United States Magistrate Judge

3